

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:97-CR-157(5)** |
| | § | |
| | § | |
| **DEMETRICK LEON SMITH** | § | |

**REPORT AND RECOMMENDATION
ON PRO SE MOTION REGARDING JURISDICTION**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The District Court specifically referred the defendant's recent letter notice (doc. #456) to the undersigned for consideration. *See Referral Order* (doc. #457).

**I.   Background**

A.   Procedural History

On September 25, 1997, a federal grand jury indicted the Defendant, Demetrick Leon Smith, and six co-defendants. *See Indictment* (doc. #1). Mr. Smith is named in Count 1 through Count 4 of the Indictment. Count 1 charges conspiracy to distribute "crack" cocaine in violation

1

of 21 U.S.C § 846. Counts 2, 3 and 4 charge possession with intent to distribute "crack" cocaine in violation of 21 U.S.C § 841(a)(1).

On June 16, 1998, the matter proceeded to a jury trial before United States District Judge Joe J. Fisher (now deceased). On June 17, 1998, Judge Fisher dismissed Count 4 of the Indictment against Mr. Smith pursuant to the Government's motion. On June 19, 1998, the jury found Demetrick Smith guilty on Counts 1, 2, and 3.

On September 30, 1998, Smith appeared for sentencing. Judge Fisher sentenced the defendant to life imprisonment on Counts 1, 2, and 3, to run concurrently. *See Judgment* (doc. #273). Mr. Smith appealed. The United States Court of Appeal for the Fifth Circuit affirmed his conviction and sentence on March 14, 2000 (doc. #315).

In the years following, his conviction, Mr. Smith (now referring to himself as Demetrick Smith-Ali) has filed numerous motions challenging his sentence. *See* doc. #348, #366, #393, #408, #410, #417, #418, #425, #427, #431, #434, #443, #444, #445, #447, #454. In the interim, on November 14, 2005, the case was reassigned to United States District Judge Marcia A. Crone. Judge Crone denied all of Mr. Smith's post-conviction motions regarding his sentence, with the exception of his motion to reduce his sentence under the First Step Act, filed April 15, 2019 (doc. #427). On June 10, 2019, Judge Crone granted that motion and reduced the defendant's sentence from life imprisonment to 327 months imprisonment. *See Order* (doc. #430). She also reduced his term of supervised release from ten (10) years to eight (8) years. *Id*. According the inmate locator tool provided on the Federal Bureau of Prisons' website, Mr. Smith currently has a projected release date of April 28, 2021. *See* https://www.bop.gov/inmateloc/ (last checked August 13, 2020).

B.    Defendant's Motion

The Clerk received Defendant's most recent letter notice on July 8, 2020. It is titled "Avernment [sic] of Jurisdiction." The Court construes the motion as a challenge to jurisdiction in this court by Mr. Smith. The document is handwritten, unintelligible, and difficult to follow. The undersigned's best attempt at understanding the notice leads the Court to conclude that Smith is arguing that there is no legal or jurisdictional basis supporting this criminal proceeding against him. He contends that jurisdiction over him is only proper through the "Jurisdiction to the Status of the Moorish Americans[.]" He is challenging the jurisdiction of the United States and federal courts. This is because "there can be no Legal Proceeding without the right order[,] Establishment of Proper status and opposite status[.]" The document is unclear in specifying the relief that Mr. Smith is seeking.

**II.    Analysis**

Title 28, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. *See* 18 U.S.C. § 3231. Federal court jurisdiction exists in all states, including Texas. *See United States v. Lopez*, No. CR H-08-187, 2019 WL 1426344, at *2 (S.D. Tex. March 29, 2019) (citing Section 3231; *United States v. Webb*, 220 F. App'x 293, 293-94 (5th Cir. 2007)). Over twenty (20) years after his conviction, Smith now appears to challenge this well-established jurisdiction over federal crimes on the basis that he is a member of the "moorish [A]merican nation." Claims based on variations of the "sovereign citizen" legal theory have been dismissed as patently frivolous by a number of federal courts. *Lopez*, at *2 (*citing Massey v. United States*, Civ. No. 1:17-190, Crim No. B:14-876-l, 2017 WL 7790110 (S.D. Tex. Dec. 7, 2017) (collecting cases by six Court of Appeals dismissing as frivolous sovereign nation

3

claims); *Mason v. Anderson*, Civil No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016); *LaVergne v. United States*, No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), *adopted*, 2018 WL 2747058 (W.D. La. June 7, 2018); *Frye v. Barbour*, No. 2:16-cv-832-FtM-29MRM, 2017 WL 4226531, at *3-4 (M.D. Florida Sept. 22, 2017)); *see also United States v. Austin*, No. 13-194, 2018 WL 6326435, at *2 (W.D. La. Dec. 4, 2018) (involving jurisdictional attack on basis that petitioner is a "Moorish American National" and collecting district court cases within the Fifth Circuit holding that the "sovereign citizen" legal theory is frivolous.)

The record clearly shows that acts made the basis of the defendant's convictions under the Controlled Substances Act occurred within the Beaumont Division of the Eastern District Texas. The Presentence Investigative Report shows that Mr. Smith was born in Louisiana and raised in Port Arthur, Texas. *See Sealed PSR* (doc. #273), at pp. 17-18. He spent his school years and most of his adult life (pre-incarceration) in Port Arthur. *See id*. His "sovereign citizen" arguments are wholly without merit. *See United States v. Faulkner*, 511 F. App'x 323, 326 n. 2 (5th Cir. 2013) (defendant claimed that the federal court lacked jurisdiction because he is a Moorish American citizen, but his attorney conceded that this jurisdictional argument had no merit because defendant was born in Tennessee and the charges occurred in the Northern District of Mississippi). Defendant's nonsensical filing is also devoid of merit because the Court can barely discern Smith's arguments or the legal purpose of the document, if any.

### III.  Conclusion and Recommendation

Accordingly, based on the findings and legal conclusions stated above, the undersigned recommends that the Court **deny** the defendant's notice (doc. #456), construed as a motion challenging jurisdiction.

4

**V.     Objections**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 13th day of August, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE